Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. | Case No.: C08-2833 MMC |
| Plaintiffs, | |
| v. | **JUDGMENT PURSUANT TO STIPULATION** |
| MLR DRYWALL, INC., a California Corporation, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in this action in favor of plaintiffs BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. ("Plaintiffs") and against Defendant MLR DRYWALL, INC., a California Corporation ("Defendant"), as follows:

1.      Defendant entered into a valid collective bargaining agreement with District Council No. 16 of the International Union of Painters and Allied Trades ("Bargaining Agreement.")  The Bargaining Agreement obligated Defendant to timely pay monthly employee benefit contributions to Plaintiffs on the twentieth (20th) of each month.  Delinquent contributions incurred ten percent (10%) liquidated damages and seven percent (7%) interest per annum on the combined total of unpaid contributions plus liquidated damages.  The Bargaining Agreement

further obligated Defendant to pay all resulting attorneys' fees and costs incurred in the collection of delinquent amounts due.

2.    The parties agree that Defendant is indebted to the Plaintiffs under the terms of the Bargaining Agreement and Trust Agreements in amounts agreed to as follows:

| December 2007 | Reported Contributions | ($7,235.97) | |
| | 10% Liquidated Damages | $723.50 | |
| | 7% Interest p/a (to 6/30/08) | $57.88 | $781.38 |
| January 2008 | Reported Contributions | $11,655.37 | |
| | 10% Liquidated Damages | $1,165.54 | |
| | 7% Interest p/a (to 6/30/08) | $297.66 | $13,118.57 |
| February 2008 | Reported Contributions | $6,475.64 | |
| | 10% Liquidated Damages | $647.56 | |
| | 7% Interest p/a (to 6/30/08) | $139.74 | $7,262.94 |
| March 2008 | Reported Contributions | ($7,021.34) | |
| | 10% Liquidated Damages | ($702.14) | |
| | 7% Interest p/a (to 6/30/08) | ($105.08) | |
| April 2008 | Reported Contributions | ($14,451.96) | |
| | Liquidated Damages | $1,445.20 | |
| | 7% Interest p/a (to 6/30/08) | $111.14 | $1,556.34 |
| May 2008 | Reported Contributions | $2,928.59 | |
| | 10% Liquidated Damages | $292.86 | |
| | 7% Interest p/a (to 6/30/08) | $6.10 | $3,227.55 |
| SUBTOTAL | | | $25,946.78 |
| | Attorneys' Fees (to 6/19/08) | | $5,878.00 |
| | Costs (to 6/19/08) | | $350.00 |
| **TOTAL** | | | **$32,174.78** |

3.    In full and final settlement of this matter, Plaintiffs and Defendant have agreed to resolve this matter as follows:

(a)    Defendant shall make an initial payment in the sum of **$2,800.00** to Plaintiffs on or before July 1, 2008.  Defendant shall continue with monthly payments in this amount on or before **the 1st of each month, for a total period of twelve (12) months through June 1, 2009.** Defendant shall have the right to increase said monthly payments or pay the entire remaining balance at any time without penalty.

(b)    Plaintiffs acknowledge receipt of Defendant's check number 10016 in the amount

of $8,958.57 for contributions, liquidated damages and accrued interest owed for work performed in March 2008. Said amount will be applied to the balance owed if it clears the bank. Defendant agrees that in the event that said check fails to clear the bank, all outstanding contributions, liquidated damages and accrued interest owed under the Bargaining Agreement for work performed during March 2008 will become part of this Stipulation.

(c)     Interest will continue to accrue on the unpaid contributions plus liquidated damages at the rate of 7% per annum as provided for in the Bargaining Agreement and Trust Agreements. Additionally, interest will accrue on the remaining balance of this judgment at the post-judgment interest rate in accordance with 28 U.S.C 1961(a), 18 U.S.C. 3612(f)(2)(B) and 40 U.S.C. 258(e)(1) at the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the judgment.[1]

(d)     Each payment shall be applied first to unpaid interest and then to the reduction of the principal balance.

(e)     All payments shall be made payable to the "Bay Area Painters and Tapers Trust Funds," and delivered to Shaamini A. Babu, Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, CA  94104, or to such other address as may be specified by Plaintiffs**.**

(f)     Defendant agrees to schedule an audit of its records, for the period from July 1, 2007, through date of audit, within seven (7) days from the date when the Defendant is contacted by an auditor from Lindquist, LLP, an authorized representative of Plaintiffs. Said auditor shall occur on the earliest date an auditor from Lindquist, LLP is available. Defendant shall thereafter pay any employee benefit contributions found due and unpaid by Defendant plus liquidated

---

[1] For example, the rate for the week of June 16, 2008 is 2.51%.

damages and interest accrued thereon as well as all resulting attorneys' fees, costs and audit fees incurred pursuant to the Article 17, Section 8, of the Bargaining Agreement and Article VII, Section 8, of the Trust Agreements and the Trust Funds' procedures. These amounts will be added to, and will become a part of this Stipulation. Unless otherwise agreed by the parties, the monthly payments will continue as set forth above until the entire balance is paid in full.

4.      Beginning with contributions due for hours worked by Defendant's employees during the month of June 2008, due on July 20, 2008, and for every month thereafter until this Stipulation is satisfied, Defendant will remain current in contributions due to Plaintiffs under the terms of the Bargaining Agreement, by timely submitting monthly reports and paying all contributions due to the Trust Funds. The contribution reports and payments referenced herein shall be delivered directly to the Trust Funds, after faxing a copy of the report and check to Shaamini A. Babu, Saltzman & Johnson, at (415) 882-9287.

5.      Failure by Defendant to provide all payments as required by this Stipulation and the Bargaining Agreement shall constitute a default of the obligations under this Stipulation.

6.      In the event that any installment payment for the twelve (12) month period is not received from Defendant by the 1st of the month in which it is due, or is submitted by Defendant but fails to clear the bank, or is unable to be negotiated for any reason, Defendant shall be considered to be in default of this Stipulation.

7.      In the event Defendant is in default of this Stipulation, Plaintiffs will provide Defendant with written notice of the default, allowing ten (10) days from the date of the notice in which to cure the default. All payments must be made by cashier's check if the default was caused by a failed check. In the event that a default is not timely cured the following shall occur:

---

**JUDGMENT PURSUANT TO STIPULATION**                                                4

(a)     The entire balance of **$32,174.78**, reduced by principal payments received by Plaintiffs, shall be immediately due together with additional amounts due under the terms of this Stipulation.

(b)     A writ of execution may be obtained by Plaintiffs against Defendant without further notice to Defendant, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default.

(c)     Defendant expressly waives notice of entry of Judgment and writ of execution, and expressly waive all rights to stay of execution and appeal.

(d)     **Defendant consents to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of execution herein.**

8.     At least ten (10) days prior to the date final payment under this Stipulation becomes due, Plaintiffs will advise Defendant in writing of the amount of such payment.  The final payment shall consist of any amounts remaining due under the terms of this Stipulation, including, but not limited to, any unpaid contributions, liquidated damages, additional accumulated interest, and any additional attorneys' fees and costs incurred, and any amounts found due on audit.  Any failure of Plaintiffs to provide such notice of final payment shall not constitute a waiver by Plaintiffs of any sums due.

9.     Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant of any provisions herein.

10.     In the event of the filing of a bankruptcy petition by the Defendant, the parties agree that any payments made pursuant to the terms of this Stipulation, shall be deemed to have

been made in the ordinary course of business as provided under 11 U.S.C. §547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. §547 or otherwise. Defendant nevertheless represent that no bankruptcy filing is anticipated.

11. Plaintiffs specifically reserve the right to bring a subsequent action against Defendant for the collection of any additional amounts found to be due for the hours worked during the periods preceding the date of this Stipulation, including but not limited to, all sums found to be due on audit. Defendants specifically waive the defense of the doctrine of res judicata in any such action.

12. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

13. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

Dated: June 25, 2008                    MLR DRYWALL, INC.


                                        By:  Dave Reid_____/s/_____
                                        Title: Vice President

Dated: June 25, 2008                    SALTZMAN & JOHNSON LAW
                                        CORPORATION

                                        _____/s/_____
                                        Shaamini A. Babu
                                        Attorneys for Plaintiffs

IT IS SO ORDERED.


Dated: ___June 26_____, 2008         _____
                                        UNITED STATES DISTRICT COURT JUDGE